IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN
DISTRICT OF GEORGIA ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

AUG 0 7 2020

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

Joyce Marie Griggs
John Doe 1-10
Plaintiffs

CIVIL ACTION NO.:

vs.

1:20-CV-3272

Brad Raffensperger
in his individual and official capacity as
Secretary of State for the State of Georgia
and as Chair of the State Election Board of Georgia;
Chatham County Georgia  Board of elections;
individually and in their official capacities:
Russell Bridges-Supervisor
Thomas Mahoney III (Chairman)

Albert Scott-Chairman Chatham County
Board of Commission
and John Doe 1-10

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF  TO VOID THE JUNE 9, 2020 PRIMARY ELECTION

## INTRODUCTION

1.  The Primary Election was held in Georgia  June 9, 2020 Election.
    Georgia local and state elections officials illegally interfered with the
    electoral process during this election.  The Chatham County Board of
    Elections and Secretary of State (Defendants) grossly and illegally
    mismanaged the election process that deprived the citizens and
    candidates their fundamental right to a fair election. This Complaint
    addresses the illegal activity that occurred during the Primary election
    in Chatham County Georgia and other similarly situated Counties.

2. The electoral process diminished and damaged Georgia's election laws, and violated the First, Fourteenth, and Fifteenth Amendments to the United States Constitution, Section 2 of the Voting Rights Act, 52 U.S.C. § 10301, and Sections 301–303 of the Help America Vote Act of 2002, 52 U.S.C. §§ 21081–21083.

3. Plaintiff reserves the right to amend this complaint.

## JURISDICTION AND VENUE

4. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under the laws of the United States of America.

5. This Court also has jurisdiction pursuant to 28 U.S.C. § 1343(a) and 42 U.S.C. §§ 1983, 1988(a) because this action seeks to redress the deprivation, under color of state law, of rights, privileges, and immunities secured by the First, Fourteenth, and Fifteenth Amendments to the U.S. Constitution, Section 2 of the Voting Rights Act, 52 U.S.C.§ 10301 and Sections 301–303 of the Help America Vote Act of 2002, 52 U.S.C. §§ 21081–21083.

6. This Court has jurisdiction to grant both declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201, 2202.

7. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) because defendants are residents of this state and district.

8. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district and state.

9. <u>PARTIES</u>

9. Defendants Are Responsible for Georgia's Election System.
The Secretary of State is the chief elections officer in Georgia. O.C.G.A. § 21-2-50.

2

10.  Defendant Brad Raffensperger is Georgia's Secretary of State and is named in his individual and official capacity.

11. Defendant Raffensperger  assumed Office as Georgia's Secretry of State on January 14, 2019.

12. The Secretary of State is the constitutional officer serving asGeorgia's chief official who oversees and administers elections. O.C.G.A. § 21-2-50.

13.  The Secretary of State is also responsible for training county elections officials, including registrars and superintendents, on the law governing state elections. O.C.G.A. § 21-2-50(a)(11).

14. The Secretary of State is also the chairperson of the State Election Board.  O.C.G.A. § 21-2-30(d). As the chief elections officer designated under the Help American Vote Act of 2002 ("HAVA"), the Secretary of State is also responsible for coordinating the obligations of the state under HAVA. O.C.G.A. § 21-2-50.2.

15. The Secretary of State and the State Election Board are responsible for the election system as a whole, a responsibility that includes promoting and supporting accurate, fair, open, and secure elections; implementing election laws, regulations, and policies that are consistent with Georgia law and the constitutional rights of the voters of Georgia; and ensuring consistency across counties to protect the equal protection rights of Georgians.

16. Defendant State Election Board of Georgia is responsible for, inter alia, (1) promulgating rules and regulations to "obtain uniformity" in the practices and proceedings of elections officials, "as well as the legality and purity in all . . . elections"; (2) formulating, adopting, and promulgating rules and regulations "conducive to the fair, legal, and orderly conduct of primaries and elections"; (3) promulgating rules and regulations to "define uniform and nondiscriminatory standards concerning what constitutes a vote and what will be counted as vote"; and (4) investigating frauds and irregularities in elections. See O.C.G.A. § 21-2- 31.

17.  The Board of Elections of Chatham County, Georgia functions as the superintendent of elections and conducts primaries and elections in accordance with State law. The Board performs all services and functions necessary to support the election process. The Board establishes boundaries for voting precincts, secures facilities to serve as polling locations for these precincts, recruits, selects, hires, trains and assigns personnel to serve as poll officials. The board also conducts qualification for candidates, develops ballots for elections, acquires, maintains, prepares and delivers equipment used to conduct elections, publicizes notices as required by law and maintains elections records.

18. Defendant Thomas Mahoney, III is the Chairman of the Board of Elections of Chatham County, Georgia.

19.  Defendant Russell Bridges is the Supervisor of the Chatham County Board of Election.

20.  Defendant Albert Scott is the Chairman of the Chatham County Commissioners.  Pursuant to Chatham County Code Book Chapter 6,  the Chairman is the Chief executive of the county, the presiding officer of the Board of Commissioners and the official spokesman for the county. In such capacity he exercises authority over the Chatham County Board of Elections.

21.  Plaintiff Joyce Marie Griggs is a retired Army Lieutenant Colonel Intelligence Officer, Combat Veteran and Bronze Star Recipient.  During the June 9, 2020 primary she was a candidate for U.S.Congress, 1st Congressional District of Georgia which resulted in a runoff.

## BACKGROUND

22. Georgia has a long history of voting and election fraud and abuse.

23.  On April 30, 2020 of State Brad Raffensperger  appointed prosecutors and election officials to his newly created group to investigate absentee voting fraud in Georgia. "The people of Georgia have the right to a secure, safe and reliable vote," Raffensperger said. Thus acknowledging the fact that fraud exists with the absentee voting process.

4

24.  Based upon information received from election workers  at the Chatham county  board of elections absentee ballots were manipulated to give certain candidates the winning advantage (see affidavit of Celestine James w/attachments). Exhibit 1

25. Voters were disenfranchised and denied candidates of their choice due to the manipulation of absentee ballots and other violations by Defendants and there employees.

26.  Some candidates were  deprived of  their rights by Defendants in the manipulation of the absentee ballots thus forcing some into a runoff election and others to loose.

27.  According to Federal and State Voting laws the Defendants violated both Federal and State laws.

28.  Based upon information and belief the illegal and fraudulent activity that was allowed at the Chatham County board of elections included but not all inclusive the following:

massive voter fraud in the absentee ballot processing
 lack of chain of custody
broken seals on ballots
copying and duplicating ballots
use of several  books to document
unauthorized personnel counting ballots
poor to no supervision
failure to count all ballots
ballot drop box not secured

## CLAIMS FOR RELIEF
## Count I

### Violation of the Voting Rights Act

Violation of the Fundamental Right to a fair election. (First and Fourteenth Amendments to the U.S. Constitution, as enforced by 42 U.S.C. § 1983).

29. Plaintiffs hereby incorporate by reference paragraphs 1 through 27.

30. The Fourteenth Amendment to the United States Constitution prohibits states from "depriving any person of . . . liberty . . . without due process of law.

31. The First Amendment prohibits a state from interfering with "the freedom of speech" or the right "to petition the Government for a redress of grievances."

32. Under 42 U.S.C. § 1983, every person acting under color of state law who deprives any other person of his or her constitutional rights is liable at law and in equity.

33. Acting under color of state law, Defendants deprived voters and candidates of the right to vote and select candidates, as secured by the the constitution; state and federal law by administering an election plagued with irregularities and fraud.

34. Defendants must protect the integrity of elections in Georgia, see O.C.G.A. §§ 21-2-31, 21-2-50, including by promulgating, adopting, and enforcing all laws and policies and overseeing elections entities in a manner that does not severely burden the right to vote.

35. Voters in Georgia have a liberty interest in their fundamental right to vote and elect candidates of their choice. Defendants acted to deprive voters of such rights through the following misconduct: failing to adequately train county elections officials on laws governing elections; massive voter fraud in the absentee ballot processing; lack of chain of custody; broken

seals on ballots; copying and duplicating ballots; use of several books to
to document votes; unauthorized personnel counting ballots; poor to no
supervision; failure to count all ballots; ballot drop box not secured; failing
to maintain and secure the vote.

36. Defendants further acted to deprive voters of their right to vote through
the following specific misconduct in training and oversight of county
elections officials, manipulation of absentee ballots thus denying voters the
right to choose the candidates of their choice.

37. Due to Defendants' misconduct, voter and candidates have suffered
and will continue to suffer irreparable harm—including severe burdens on
the right to vote/select candidates.

38. Unless enjoined from doing so, the Defendants' unconstitutional burden
on the fundamental right to vote and select candidates will continue to
violate the Voting Rights Act, First, Fifth and Fourteenth Amendment rights
and inflict injuries for which voters and candidates have no adequate
remedy at law.

39. Plaintiff is entitled to injunctive and declaratory relief to remedy these
unconstitutional violations and void the June 9, 2020 Primary election.

## COUNT II

### Breach of Duty and Negligence
40. Plaintiff  hereby incorporate by reference paragraphs 1 through 39.

41. Defendants were negligent in their duties to the voters during the
Primary election held on June 9, 2020.  Public trust was violated during
various stages of the electoral  process when the Defendants violated
numerous aspects of state and federal election law.

42. Defendants were negligent and breached their duty by having different
standards for administering elections or for counting ballots in different
counties thus violating the Equal Protection Clause.

43. Defendants Chatham County failed to train and were negligent in training and supervising individuals working at the Board of Elections. Thus resulting in voter fraud, delay in counting ballots and other irregularities at the board of election.

44. Upon information and belief the chain-of-custody procedures for ballots and other voting equipment was violated. Individuals involved in the transfer of ballots from one place to another were supposed to sign a chain-of-custody log, which includes an obligation to inspect the package in which they are delivered for signs of tampering.

45. The ballots and other voting equipment were not properly secured during the process thus tainting the entire election process.

46. Defendants Chatham County Board of Elections and Chatham County Commissioner breached their duty and were negligent to the voters and candidates during the Primary election. They failed to follow procedures as outlined in the state and federal law and rules (O.C.G.A.§ 21-2-31 and Rule 183-1-12-.05 Security of Voting System Components.

47. Defendants also failed to oversee, train, and advise counties and local workers at the Chatham County Board of Elections about the proper handling, storage and counting of absentee ballots.

48. Defendants Chatham County Board of Elections Supervisor and Chairmans allowed workers to make several additional/duplicate copies of ballots.

49. Defendants Chatham County allowed workers to use separate books to record the number on the ballot to verify the ballots with four initials of poll workers. Ballots were not verified as required by law.

50. Defendants allowed unauthorized personnel to enter a warehouse where ballots were maintained, view and adjudicate absentee ballots.

51. Defendants Chatham County Board of Elections allowed unauthorized individuals to break the seals on the ballots.

52. Upon information and belief it appears that Defendant Bridges, Supervisor Chatham County Board of Elections appeared to have intentionally slowed down the counting of the absentee votes.
O.C.G.A. §§ 21-2-94 and 21-2-95 and Rule 183-1-12-.12, Tabulating Results after the polls closed.
O.C.G.A. § 21-2-419, the election superintendent shall prepare the official consolidated returns for the primary, election, or runoff.

53. Upon information and belief it appears that Defendant
**Russell Bridges-Supervisor Chatham County Board of Elections**
Intentionally slowed down the counting of the absentee ballots.

54. Defendants individually and in their official capacity were negligent and breached their duty in the administration of the June 9, 2020 Primary Election.

55. Acting under color of state and federal law, Defendants deprived the voters the right to vote and select candidates as secured by the First, Fourteenth and Fifteenth Amendment by administering an election plagued with irregularities and voter fraud.

56. Defendant Chairman, Chatham County Board of Commissioner breached his duty as well and was negligent in failing to supervise the Board of Elections.

57. Unless enjoined from doing so, Defendants will continue to violate election laws and harm voters/candidates who have no adequate remedy at law.

58. Plaintiff is entitled to injunctive and declaratory relief to remedy these violations and void the June 9, 2020 Primary results.

COUNT III

FRAUD

59. Plaintiff  hereby incorporate by reference paragraphs 1 through 58.

8

60. Defendants in their individual and official capacity perpetrated fraud upon the voters and candidates during the June 9, 2020 Primary Election.

61.  According to the dictionary fraud is-A false representation of a matter of fact—whether by words or by conduct, by false or misleading allegations, or by concealment of what should have been disclosed—that deceives and is intended to deceive another so that the individual will act upon it to her or his legal injury.

62.nDefendants made false statements of material facts concerning the election process, they knew their statements were untrue with the intent to deceive the voters and candidates to their detriment.

63. Acting under color of  law, Defendants deprived voters and candidates of the right to vote and select candidates, as secured by the the constitution; state and federal law by administering an election plagued with irregularities and fraud.

 64.  Defendants as the chief overseers of the election process caused or allowed to occur the following fraudulent activities:

a. Chain-of-custody procedures for ballots and other voting equipment was violated.
b. Individuals involved in the transfer of ballots from one place to another were supposed to sign a chain-of-custody log, which includes an obligation to inspect the package in which they are delivered for signs of tampering.
c. The ballots and other voting equipment were not properly secured during the process thus tainting the entire election process.
d.  The improper handling, storage and counting of absentee ballots.
e.  Election workers  allowed to make several additional/duplicate copies of ballots.
f.  Election workers allowed to use separate books to record the number on the ballot to verify the ballots with four initials of poll workers.
 Ballots were not verified as required by law.
g. Unauthorized personnel were allowed to enter warehouse where ballots were maintained, view and adjudicate absentee ballots.
h.  unauthorized individuals to break the seals on the ballots.
i.  Intentional delay in counting the absentee votes

9

65.  Defendants in their individual and official capacity knew that fraudulent activity was occurring during the June 9, 2020 Primary election but failed to stop it.

66.  The Defendants actively participated in the voter fraud  which occurred during the 2020 Primary and must be held accountable civilly and criminally. Based on the well known activity of voter fraud in Georgia

67.  Unless enjoined, Defendants will continue to violate and inflict injuries for which voters/candidates  have no adequate remedy at law. Therefore, Plaintiff is entitled to injunctive and declaratory relief to remedy these violations by voiding the June 9, 2020 Primary Election.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment and grant the following relief:

1. That Georgia primary  election process on June 9, 2020 be declared void because it violated voters and candidates fundamental rights to vote and a clean and fair election under the First and Fourteenth and Fifteenth Amendments to the U.S. Constitution;

2.Void the  June 9  Primary election process because it violated voters and candidates  rights to Equal Protection and Due Process under the Fourteenth Amendment to the U.S. Constitution and state and federal law;

3.  Void the Georgia's Primary  elections process for June 9, 2020  because it violated the Voting rights Act and Help America Vote Act

4. Permanently enjoin Defendants to oversee adequate
 elections by promulgating, adopting, and enforcing uniform standards and processes that:

a.  Ensure that counties accurately and timely process all absentee consistent with Georgia and federal law governing absentee ballots;

b. Ensure that all workers are properly trained and supervised;

10

c. Ensure the Board of Elections timely recruit and hire an adequate number of elections officials and poll workers before each election to ensure proper staffing on any election day;

d. Provide for the timely and systematic training, based on comprehensive statewide curriculum, of elections officials and poll workers before every election;

e. Ensure each county has adequate materials, training, and support for all elections officials and poll workers to fairly and reasonably administer elections in accordance with Georgia and federal law;

f. Permanently enjoining Defendants to ensure they conducts efficient, just, and fair elections;

4. Ensure and permanently enjoin defendants and hold the accountable for the violation of the Voter Right Act and other state and federal laws;

5. That Defendants be immediately removed from positions at the Secretary of State and Chatham County board of elections to prevent further harm and injury to the voters and candidates;

6. That the June 9, 2020 primary be declared void based on fraud and violation of the Voters Right Act and federal and state laws as appropriate;

7. Demand for a Jury trial;

8. Plaintiff reserves the right to amend this complaints; and

9. For such other relief as the court deems just and proper under the circumstances.

Joyce Marie Griggs-Pro Se
Plaintiff
1 Baysprings Ct.
Savannah, GA 31405
(912)3166009

11