IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| Joyce Marie Griggs and<br>John Does 1-10<br><br>Plaintiffs,<br><br>Vs.<br><br>Brad Raffensperger, in his individual And official capacity as Secretary of State for the State of Georgia and as Chair of the State Election Board of Georgia; Chatham County, Georgia Board of Elections; individually and In their official capacities; Russell Bridges – Supervisor and Thomas Mahoney, III (Chairman); Albert Scott- Chairman Chatham County Board of Commissioners, and John doe 1-10)<br><br>Defendants. | ) | Case No.: 1:20-cv-3272 |

**ANSWER TO COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF TO VOID THE JUNE 9, 2020 PRIMARY ELECTION**

COME NOW Defendants, County, Georgia Board of Elections; individually and In their official capacities, Russell Bridges, and Thomas Mahoney, III, |Albert Scott, Chairman Chatham County Board of Commissioners, and John Does 1-10,

to the extent they are officials of the Chatham County Board of Elections (hereinafter "BOE") and file their answer as follows:

**FIRST DEFENSE**

Plaintiff's Complaint fails to state a claim against BOE upon which relief can be granted. The Complaint should, therefore, be dismissed.

**SECOND DEFENSE**

The BOE did not take any action; and/or institute, maintain or implement any policy, practice or custom which violated Plaintiff's rights.

**THIRD DEFENSE**

Plaintiff's complaint must be dismissed under Fed. R. Civ. P. 12(b)(1) as it has not alleged a sufficient basis for subject-matter jurisdiction.

**FOURTH DEFENSE**

Plaintiff's complaint should be dismissed because Plaintiff lacks standing

**FIFTH DEFENSE**

To each of the numbered allegations set forth in the Plaintiff's Complaint, Defendant BOE answers as follows:

1. Defendant BOE denies the allegations contained in paragraph 1 of Plaintiff's complaint, as pled. By way of further response, Defendant admits that any alleged illegal activities that occurred during the Primary election in Chatham County were in fact in Chatham County.

2. Defendant BOE denies the allegations contained in paragraph 2 of Plaintiff's complaint.
3. Paragraph 3 of Plaintiff's complaint requires no response as it is a statement of law. To the extent a response is required, the allegations are denied.
4. Defendant BOE admits the allegations contained in paragraph 4 of Plaintiff's complaint.
5. Defendant BOE admits the allegations contained in paragraph 5 of Plaintiff's complaint.
6. Defendant BOE admits the allegations contained in paragraph 6 of Plaintiff's complaint.
7. Defendant BOE denies the allegations contained in paragraph 7 of Plaintiff's complaint.
8. Defendant BOE denies the allegations contained in paragraph 8 of Plaintiff's complaint.
9. Defendant BOE admits the allegations contained in paragraph 9 of Plaintiff's complaint.
10. Paragraph 10 of Plaintiff's complaint requires no response as it is a statement of law. To the extent a response is required, the allegations are denied.

11. Defendant BOE admits the allegations contained in paragraph 11 of Plaintiff's complaint.

12. Defendant BOE admits the allegations contained in paragraph 12 of Plaintiff's complaint.

13. Defendant BOE admits the allegations contained in paragraph 13 of Plaintiff's complaint.

14. Defendant BOE admits the allegations contained in paragraph 14 of Plaintiff's complaint.

15. Defendant BOE admits the allegations contained in paragraph 15 of Plaintiff's complaint.

16. Paragraph 16 of Plaintiff's complaint requires no response as it is a statement of law. To the extent a response is required, the allegations are denied.

17. Defendant BOE admits the allegations contained in paragraph 17 of Plaintiff's complaint.

18. Defendant BOE admits the allegations contained in paragraph 18 of Plaintiff's complaint.

19. Defendant BOE admits the allegations contained in paragraph 19 of Plaintiff's complaint.

20. Defendant BOE admits that Albert Scott is the Chairman of the Chatham County Board of Commissioners but denies that he is the Chairman of the Board of elections.

21. Defendant BOE is without knowledge sufficient to either admit or deny the allegations contained in the first sentence of Paragraph 21 of Plaintiff's Complaint. To the extent a response is required, the allegations are denied. Defendant BOE admits the second sentence. By way of further response, Defendant admits that Plaintiff is a disbarred lawyer who is banned from practicing law in the United States District Court, Southern District of Georgia.

22. Defendant BOE denies the allegations contained in paragraph 22 of Plaintiff's complaint.

23. Defendant BOE is without knowledge sufficient to either admit or deny as to what Defendant Raffensperger said. Defendant denies the remaining allegations contained in paragraph 23 of Plaintiff's complaint.

24. Defendant BOE denies the allegations contained in paragraph 24 of Plaintiff's complaint.

25. Defendant BOE denies the allegations contained in paragraph 25 of Plaintiff's complaint.

26. Defendant BOE denies the allegations contained in paragraph 26 of Plaintiff's complaint.
27. Defendant BOE denies the allegations contained in paragraph 27 of Plaintiff's complaint.
28. Defendant BOE denies the allegations contained in paragraph 28 and all of its subparts of Plaintiff's complaint.
29. Defendant BOE restates and incorporates by reference their answers to paragraphs 1 through 28, as if fully set forth herein.
30. Paragraph 30 of Plaintiff's complaint requires no response as it is a statement of law. To the extent a response is required, the allegations are denied.
31. Paragraph 31 of Plaintiff's complaint requires no response as it is a statement of law. To the extent a response is required, the allegations are denied.
32. Paragraph 32 of Plaintiff's complaint requires no response as it is a statement of law. To the extent a response is required, the allegations are denied.
33. Defendant BOE denies the allegations contained in paragraph 33 of Plaintiff's complaint.

34. Paragraph 34 of Plaintiff's complaint requires no response as it is a statement of law. To the extent a response is required, the allegations are denied.
35. Defendant BOE denies the allegations contained in paragraph 35 of Plaintiff's complaint, as pled.
36. Defendant BOE denies the allegations contained in paragraph 36 of Plaintiff's complaint.
37. Defendant BOE denies the allegations contained in paragraph 37 of Plaintiff's complaint.
38. Defendant BOE denies the allegations contained in paragraph 38 of Plaintiff's complaint.
39. Defendant BOE denies the allegations contained in paragraph 39 of Plaintiff's complaint.
40. Defendant BOE restates and incorporates by reference their answers to paragraphs 1 through 39, as if fully set forth herein.
41. Defendant BOE denies the allegations contained in paragraph 41 of Plaintiff's complaint.
42. Defendant BOE denies the allegations contained in paragraph 42 of Plaintiff's complaint.

43. Defendant BOE denies the allegations contained in paragraph 43 of Plaintiff's complaint.

44. Defendant BOE denies the allegations contained in paragraph 44 of Plaintiff's complaint.

45. Defendant BOE denies the allegations contained in paragraph 45 of Plaintiff's complaint.

46. Defendant BOE denies the allegations contained in paragraph 46 of Plaintiff's complaint.

47. Defendant BOE denies the allegations contained in paragraph 47 of Plaintiff's complaint.

48. Defendant BOE denies the allegations contained in paragraph 48 of Plaintiff's complaint.

49. Defendant BOE denies the allegations contained in paragraph 49 of Plaintiff's complaint.

50. Defendant BOE denies the allegations contained in paragraph 50 of Plaintiff's complaint.

51. Defendant BOE denies the allegations contained in paragraph 51 of Plaintiff's complaint.

52. Defendant BOE denies the allegations contained in paragraph 52 of Plaintiff's complaint.

53. Defendant BOE denies the allegations contained in paragraph 53 of Plaintiff's complaint.

54. Defendant BOE denies the allegations contained in paragraph 54 of Plaintiff's complaint.

55. Defendant BOE denies the allegations contained in paragraph 55 of Plaintiff's complaint.

56. Defendant BOE denies the allegations contained in paragraph 56 of Plaintiff's complaint.

57. Defendant BOE denies the allegations contained in paragraph 57 of Plaintiff's complaint.

58. Defendant BOE denies the allegations contained in paragraph 58 of Plaintiff's complaint.

59. Defendant BOE restates and incorporates by reference their answers to paragraphs 1 through 58, as if fully set forth herein.

60. Paragraph 60 of Plaintiff's complaint requires no response as it is a mere dictionary definition.

61. Defendant BOE denies the allegations contained in paragraph 61 of Plaintiff's complaint.

62. Defendant BOE denies the allegations contained in paragraph 62 of Plaintiff's complaint.

63. Defendant BOE denies the allegations contained in paragraph 63 of Plaintiff's complaint.

64. Defendant BOE denies the allegations contained in paragraph 64 of Plaintiff's complaint.

65. Defendant BOE denies the allegations contained in paragraph 65 of Plaintiff's complaint.

66. Defendant BOE denies the allegations contained in paragraph 66 of Plaintiff's complaint.

67. Defendant BOE denies the allegations contained in paragraph 67 of Plaintiff's complaint.

Submitted this 6th day of October, 2020.

/s/ R. Jonathan Hart
R. Jonathan Hart
State Bar No. 333692
/s/ Jennifer R. Davenport
Jennifer R. Davenport
State Bar No.: 330328

Chatham County Attorney's Office
P.O. Box 8161
Savannah, GA 31412
T: (912) 652-7881
F: (912) 652-7887
Email: rjhart@chathamcounty.org
jdavenport@chathamcounty.org

**CERTIFICATE OF COMPLIANCE**

I hereby certify that the foregoing document has been prepared in accordance with the font type and margin requirements of L.R. 5.1, using font type of Times New Roman and a point size of 14.

Submitted this 6th day of October, 2020.

/s/ R. Jonathan Hart
R. Jonathan Hart
State Bar No. 333692
/s/ Jennifer R. Davenport
Jennifer R. Davenport
State Bar No.: 330328

Chatham County Attorney's Office
P.O. Box 8161
Savannah, GA 31412
T: (912) 652-7881

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| Joyce Marie Griggs and | ) | |
| John Does 1-10 | ) | |
| | ) | |
| Plaintiffs, | ) | Case No.: 1:20-cv-3272 |
| | ) | |
| Vs. | ) | |
| | ) | |
| Brad Raffensperger, in his individual | ) | |
| And official capacity as Secretary of | ) | |
| State for the State of Georgia and as | ) | |
| Chair of the State Election Board of | ) | |
| Georgia; et al., | ) | |

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

Submitted this 6th day of October, 2020.

/s/ R. Jonathan Hart
R. Jonathan Hart
State Bar No. 333692
/s/ Jennifer R. Davenport
Jennifer R. Davenport
State Bar No.: 330328

Chatham County Attorney's Office
P.O. Box 8161
Savannah, GA 31412
T: (912) 652-7881